UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

06 CA 12293 JLT  Civil Action No.

KAREN A. FOSSETT, Administratrix of )
the Estate of ROBERT W. FOSSETT, Jr., )
                        MAGISTRATE JUDGE _Dein_
             Plaintiff )
                         )
                         ) COMPLAINT
     - vs-              )
                         ) and
JETBLUE AIRWAYS CORPORATION, )
                         ) JURY DEMAND
           Defendant )

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Karen Fossett is a citizen and resident of the Commonwealth of Massachusetts, and the Administratrix of the Estate of Robert W. Fossett, Jr. (hereafter "Mr. Fossett"), as per the Order of the Probate and Family Court Division of the Massachusetts Trial for Essex County, Docket No. 05P0857AD1.

2. Defendant JetBlue Airways Corporation (hereafter "JetBlue") is a corporation organized and existing under the laws of the State of Delaware, which maintains its principal place of business in the State of New York. JetBlue conducts substantial business in the Commonwealth of Massachusetts and within this District.

3. Jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332, in that plaintiff is a resident of the Commonwealth of Massachusetts and JetBlue is incorporated in the State of Delaware; and where the amount in controversy exceeds the sum of $75,000 excluding interest and costs.

4. Venue in this district satisfies the requirements of 28 U.S.C. § 1391, in that JetBlue conducts substantial business in this district and is subject to personal jurisdiction within this district and plaintiff resides within this district.

5. Robert W. Fossett, Jr., died on February 17, 2005, survived by Plaintiff Karen Fossett, his wife, his daughter Tamara Lewis, and his son Robert W. Fossett III. This action is brought by Karen Fossett, in her capacity as personal representative of the estate of her deceased husband, for the benefit of Robert W. Fossett, Jr.'s surviving family.

## **GENERAL ALLEGATIONS**

6. At all times mentioned herein, JetBlue was and is a common carrier engaged in the business of transporting passengers by air and operating regularly scheduled flights from and to Boston, Massachusetts.

7. JetBlue owns, operates, manages, controls and/or maintains all equipment used in the course of its flights, including its aircraft.

8. JetBlue owns, operates, manages, controls and/or maintains all emergency equipment on board its aircraft, including emergency medical kits and automatic external defibrillators (hereafter "AED"s).

9. JetBlue is required and undertook to train and educate flight attendants, who are employees, agents and servants of JetBlue, regarding the use of the emergency equipment on board its aircraft, including emergency medical kits and automatic external defibrillators ("AED"s).

10. On or about February 16, 2005, Mr. Fossett was a paying passenger on JetBlue Flight 468, which was scheduled to arrive at Boston Logan Airport at or around 11:10 p.m.

11. During the course of Flight 468, Mr. Fossett suffered cardiac distress as observed by another passenger, who in turn alerted JetBlue cabin crew personnel.

12. No JetBlue employee or agent responded to the emergency call at that time.

13. At no time during the duration of the flight did any JetBlue crew member aboard the subject flight provide any cardiopulmonary resuscitation or other assistance to Mr. Fossett.

14. At no time during the remaining duration of the flight did any JetBlue crew member alert emergency services personnel on the ground or take any measures to assist Mr. Fossett or arrange for others to assist him.

15. After the plane landed, JetBlue's employees or agents determined that Mr. Fossett was unresponsive, but nonetheless fully deplaned the aircraft before providing any assistance, calling for aid, or attempting to resuscitate him.

16. After Flight 468 was deplaned, employees of JetBlue attempted to resuscitate him by administering oxygen and some form of CPR, without use of the AED that was on board the aircraft, and without calling for the assistance of trained professionals in a timely manner.

17. Only after their failed attempts to revive the decedent did the aircraft crew members alert emergency services personnel.

18. Massport Fire and Rescue personnel transported Mr. Fossett by ambulance to Massachusetts General Hospital in Boston.

19. Mr. Fossett arrived at Massachusetts General Hospital at approximately 12:10 a.m. on February 17, 2005 and was pronounced dead shortly thereafter.

## COUNT I

### Claim of the Plaintiff against the Defendant for Personal Injuries Predicated on NEGLIGENCE

20. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully restated herein.

21. JetBlue owed Mr. Fossett a duty to ensure that, in the case of a medical emergency, it used all reasonable means and options to reduce the likelihood of death or injury.

22. Included in that duty was a responsibility to divert the aircraft to a closer airport in order to seek immediate emergency services care for Mr. Fossett.

23. JetBlue also had a duty to fully train its in-flight personnel regarding the use and operation of emergency medical equipment aboard its aircraft.

24. JetBlue, by and through its employees, agents and servants breached its duty of reasonable care by negligently, carelessly, and recklessly failing to respond to Mr. Fossett's medical condition in a timely and competent manner; by failing to divert the aircraft to the closest airport in order to obtain emergency medical care; by failing to contact emergency medical services on the ground prior to the aircraft landing; by failing to use the AED on board the aircraft in their attempts to resuscitate Mr. Fossett; by failing to properly train its crew members in the use and operation of the AED on board the aircraft and regarding the circumstances when the AED should be used; by waiting until all passengers disembarked the aircraft before providing any medical attention to Mr. Fossett; by waiting until all passengers disembarked the aircraft before calling for emergency medical assistance; and by otherwise acting carelessly, negligently and with reckless disregard for the consequences of their negligent acts and omissions.

25. The negligence, recklessness and carelessness referred to above, and the failure of JetBlue to exercise the level of care and prudence appropriate and reasonable under the circumstances, was a proximate cause of Mr. Fossett's death.

26. As a result of the foregoing, the plaintiff and Mr. Fossett's other heirs and beneficiaries suffered injuries and damages, including but not limited to the value of decedent's life, the loss of decedent's support and pecuniary advantage, the loss of care, comfort, companionship, society, and consortium, and they were otherwise damaged.

27. As a result of the foregoing, the plaintiff is entitled to recover monetary damages from the defendant in an amount that fully compensates the plaintiff and the decedent's heirs for all elements of damages allowed by law for the wrongful death of Robert W. Fossett, Jr., plus interest and costs.

## COUNT II

### Claim of the Plaintiff against the Defendant for CONSCIOUS PAIN AND SUFFERING Pursuant to M.G.L. c. 229, § 6

28. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully restated herein.

29. As a consequence of the events set forth in this Complaint, and as a direct and proximate cause of the negligence and carelessness of the defendant, Mr. Fossett was caused to sustain great conscious pain and suffering prior to his death, which injuries to him are compensable under M.G.L. c. 229, § 6.

30. Mr. Fossett was painfully and seriously injured as a result of the negligence of the defendant, for which a claim is hereby made by his estate for full and complete compensation for his conscious pain and suffering.

31. As a result of the foregoing, the plaintiff is entitled to recover monetary damages from the defendant in an amount that fully compensates the estate for the pain and suffering endured by the decedent, Robert W. Fossett, Jr., plus interest and costs.

## COUNT III

### Claim of the Plaintiff against the Defendant for PUNITIVE DAMAGES Pursuant to M.G.L. c. 229, § 2

32. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

33. The acts and/or omissions of the defendant, set forth *supra*, were also such knowing and willful failures that they constituted malicious, willful, wanton, grossly negligent and/or reckless conduct within the meaning of M.G.L. c. 229, § 2. Said acts and/or omissions proximately caused or contributed to Mr. Fossett's untimely death, and, as such, give rise to, and warrant, the imposition by a jury of significant punitive damages against the defendant.

34. As a result of the foregoing, the plaintiff is entitled to recover punitive damages from the defendant in an amount that is commensurate with the egregious conduct of the defendant in willfully ignoring the decedent's emergency medical condition, which culminated in his death.

**Wherefore**, the plaintiff, Karen A. Fossett, Administratrix of the Estate of Robert W. Fossett, Jr., demands judgment against the defendant, JetBlue Airways Corporation, and an award of compensatory damages that fully compensates the family and heirs of Robert W. Fossett, Jr., for the loss of their husband and father, and also for punitive damages commensurate with the egregiousness of the defendant's conduct and financial status.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

KAREN FOSSETT, individually, and as
Administratrix of the Estate
of ROBERT W. FOSSETT, Jr.,
Plaintiff
By her attorneys

_____
Anthony Tarricone, BBO # 492480
atarricone@kreindler.com

_____
James D. Gotz, BBO # 567157
jgotz@kreindler.com

*Kreindler & Kreindler, LLP*
277 Dartmouth Street
Boston, MA 02116
(617) 424-9100

Dated: December 21, 2006